### HELEN M. MINER & another *vs.* JOSEPH D. COBURN.

An officer who has released property attached by him, on taking a bond, without having the sureties thereon approved by the creditor or in the manner provided by statute, is liable to make good the amount, if a loss occurs, and they prove insufficient; although before the rendition of judgment proceedings in insolvency were instituted by the debtor.

TORT against a deputy sheriff. The case was submitted in the superior court upon the following facts :

---

* BIGELOW, C. J. and HOAR, J. did not sit in this case.

The plaintiffs sued out a writ against James M. Blake, and committed the same for service to the defendant, who made the following return thereon : " Suffolk ss. November 7th 1855. By virtue of this writ, I have attached a quantity of rum, brandy, gin and wines, to the value of $100, and appointed a keeper over the same, and on the following day I delivered to the defendant a summons for his appearance at court, and he gave a bond to dissolve said attachment." The plaintiffs recovered judgment, and within thirty days requested the defendant to procure satisfaction of the execution, but no property of Blake could be found. After making the attachment, the defendant, without giving notice to the plaintiffs, or having the sureties thereon approved as provided by *St.* 1846, *c.* 122, took from Blake a bond with two sureties, and redelivered to him the property. The sureties were then and ever since have been insolvent ; and when the execution was issued neither Blake nor the sureties could be found in the Commonwealth. After the attachment was made, and before judgment was recovered, proceedings in insolvency were instituted by Blake, but no certificate of discharge was granted.

On these facts, judgment was rendered for the plaintiffs, and the defendant appealed.

*J. P. Healy,* for the defendant.

*C. P. Judd,* for the plaintiffs.

METCALF, J. That part of the defendant's answer, in which he placed his defence on the ground that the articles which he attached were " contraband of law," and not legally attachable, was abandoned at the argument, and we therefore decide the case without reference to that point.

The plaintiffs' claim on Blake was in no way impaired or affected by the proceedings against him under the insolvent laws ; nor would it have been, even if he had obtained a discharge under those laws. *Mann* v. *Houghton,* 7 Cush. 592. *Sampson* v. *Clark,* 2 Cush. 173. Those proceedings would have dissolved the attachment made by the defendant, if it had not been previously dissolved by the bond which he took. But the bond remained in force, notwithstanding the proceedings in

insolvency, and the obligors were liable to pay the amount of the plaintiffs' judgment against Blake. *Gass* v. *Smith*, 6 Gray, 112. *Loring* v. *Eager*, 3 Cush. 190. Though the bond was not taken in the manner prescribed by *St.* 1846, *c.* 122, namely, by application to a judge and notice to the plaintiffs, yet, as it was executed voluntarily, and contained no conditions contrary to any law, it was valid. *Middleham* v. *Bellerby*, 1 M. & S. 312. *Sweetser* v. *Hay*, 2 Gray, 52, and cases there cited. But the defendant, by taking a bond without conforming to the provisions of *St.* 1846, incurred the responsibility of obtaining sureties who were sufficient; and, as the sureties whom he took were unable to pay any part of the amount of the bond, but were insolvent when it was executed, and have never since had any property, and as Blake, the principal obligor, went into insolvency in four months after executing the bond, and neither he nor the sureties could be found within the Commonwealth after the plaintiffs' execution against him was issued, we are of opinion that the plaintiffs are entitled to judgment.

We have not examined the several counts in the declaration for the purpose of seeing in which of them, if in either, the cause of action is correctly set forth. The case being submitted on an agreed statement of facts, the decision is made without reference to the pleadings.        *Judgment for the plaintiffs.*